UNITED STATES DIS COURT
FOR THE NORTHERN DIST OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | |
| v. ) | Civil No. 3:12cv034-SA-SAA |
| CAPSOURCE 2000 Fund, L.P. ) | Receivership Order |
| Defendant ) | |

**CONSENT ORDER OF RECEIVERSHIP**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of the Capsource 2000 Fund, L.P. ("Capsource 2000"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Capsource 2000 ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Capsource 2000's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Capsource 2000 under applicable state and federal law, by the Articles of Limited Partnership, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the

1

Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Capsource 2000 are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to Capsource 2000's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Capsource 2000 and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to Capsource 2000. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of Capsource 2000, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Capsource 2000 and all of Capsource 2000's assets and all other assets and property of the limited partnership, whether real or personal. The general partner of Capsource 2000 shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Capsource 2000, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of Capsource 2000, as well as the names, addresses and amounts of claims of all known creditors of Capsource 2000. Within thirty (30) days following the entry of this Order, the general partner of Capsource 2000 shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or

property of Capsource 2000 are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of Capsource 2000, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to Capsource 2000 shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Capsource 2000 had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Capsource 2000, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this

Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. Capsource 2000's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of Capsource 2000, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Capsource 2000. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Capsource 2000 or any assets of Capsource 2000, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Capsource 2000, the Receiver, or any of Capsource 2000's past or present officers, directors, managers, agents, or general or limited partners and the managers, members, officers, directors, employees or agents of the general partner sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff,

third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Capsource 2000 or any assets of Capsource 2000, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Capsource 2000, the Receiver, or any of Capsource 2000's past or present officers, directors, managers, agents, or general or limited partners and the managers, members, officers, directors, employees or agents of the general partner sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third--party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of Capsource 2000 against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8. Capsource 2000 and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Capsource 2000 to the detriment of Capsource 2000 or of the Receiver appointed in this cause, including but not limited to destruction

of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

9. The Receiver is authorized to borrow up to $500,000 from the SBA on behalf of Capsource 2000 and is authorized to cause Capsource 2000 to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Capsource 2000, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Capsource 2000.

10. This Court determines and adjudicates that SBA has made a sufficient showing that Capsource 2000 has violated the Act and the Regulations, as alleged in the Complaint filed against Capsource 2000 in the instant action, to obtain the relief so requested.

DATED this 31st day of May, 2012.

*Sharion Aycock*
HONORABLE SHARION AYCOCK
UNITED STATES DISTRICT COURT JUDGE

Seen Agreed and Approved:

CapSource 2000 Fund, L.P.

/s/ James Herndon

By: Its General Partner

Submitted by:

/s/ Ralph M. Dean, III
Assistant U.S. Attorney